846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Esther CLARKE, Plaintiff-Appellant,
v.
The BOARD OF SUPERVISORS OF FAIRFAX COUNTY, Richard S.
Simpson, Investigator, Defendants-Appellees,
and
Wayne M. Huggins, Defendant.
 No. 87-1040.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided May 3, 1988.
 
 Kenneth Warren Smith, Smith & Smith on brief for appellant.
 David T. Stitt, County Attorney, Susan B. Potter, Assistant County Attorney on brief for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Esther Clarke filed this 42 U.S.C. Sec. 1983 action against the Fairfax County Board of Supervisors and Fairfax County Fire Investigator Richard S. Simpson.[1] Clarke alleged that her Fourth and Fourteenth Amendment rights were violated when Simpson arrested her for arson without probable cause and without a warrant. The district court granted defendants summary judgment. The issue on appeal is whether the district court properly found that the qualified immunity doctrine protects Simpson from liability.[2] Because we agree with the district court that the doctrine does apply here, we affirm.
 
 I.
 
 2
 On the night of October 10, 1985, there was a fire at a mobile home occupied by Clarke and her husband. Shortly after the fire department extinguished the fire, Fire Investigator Simpson examined the trailer. At the time, Simpson had been employed by the Fairfax County Fire and Rescue Department for approximately thirteen years, had received over one thousand hours of training in fire fighting, law enforcement and fire and arson detection and had conducted approximately one hundred fire investigations per year during his nine-year tenure as a fire investigator. After investigating the scene, Simpson determined that the fire had originated on the bed in the bedroom, had burned for a relatively short period of time and was not accidental. Simpson concluded that the fire had started when someone put an open flame on the bedding.
 
 
 3
 Simpson also interviewed Clarke at the scene. She had admittedly been drinking and was visibly upset. Simpson learned from fire department personnel that Clarke had a history of alcohol abuse. According to Simpson, Clarke stated that prior to the fire, her husband, who was suffering from prostate cancer, had left for the hospital. Before he left, the two had argued heatedly. Clarke said that her husband had physically abused her in the past, that she was sick of cleaning up after him and that she could never make him happy. She also indicated that because of his illness, her husband frequently soiled the bed, requiring her to change the bedding until she ran out of sheets. Clarke stated that she hated their bed and asked Simpson how he would like to sleep in urine, blood and feces. Based on this discussion and his examination of the scene, Simpson concluded that Clarke had set the bed on fire.
 
 
 4
 Simpson then obtained an arrest warrant from a magistrate after testifying under oath as to the facts discovered during his investigation. He returned to Clarke's trailer and arrested her for burning a dwelling at night, in violation of Virginia Code section 18.2-77. Clarke was then taken to police headquarters, arraigned and committed to the Fairfax County Adult Detention Center. She was released on her own recognizance on October 18, 1985. The charge against her was later amended and then dismissed on May 8, 1986, on the Commonwealth Attorney's motion.
 
 
 5
 Simpson moved for summary judgment in the district court on the ground that because his actions in obtaining the warrant and arresting Clarke were objectively reasonable, he was immune from liability. In opposition to the motion, Clarke submitted affidavits of her husband and herself. Clarke's husband, now deceased, denied that the two had argued prior to his departure for the hospital. He also contended that faulty wiring and overheating of the furnace had started the fire. In her affidavit, Clarke denied setting the fire. She stated that she was not intoxicated at the time in question and did not have a drink until after the fire had been extinguished. Further, she opined that Simpson had arrested her because she had refused to leave her home. In an order dated January 23, 1987, the district court granted Simpson's motion for summary judgment.
 
 II.
 
 6
 The district court correctly found that Simpson was entitled to summary judgment on plaintiff's claim that she was unconstitutionally arrested. In cases alleging that a warrant was issued without probable cause, the law enforcement officer who requested the warrant loses immunity from suit "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 345 (1986). In Malley, the Supreme Court advised lower courts to ask whether
 
 
 7
 a reasonably well-trained officer ... would have known that [the affidavit in question] failed to establish probable cause and that he should not have applied for the warrant. If such was the case, the officer's application for a warrant was not objectively reasonable, because it created the unnecessary danger of an unlawful arrest.
 
 
 8
 Id.; see also Anderson v. Creighton, 107 S.Ct. 3034, 3039-40 (1987). In this case, Simpson had ample facts upon which to conclude that probable cause existed to arrest Clarke.
 
 
 9
 Simpson investigated the scene of the fire and, based on his extensive experience, ruled out accidental causes as the source of the blaze. He therefore reasonably concluded that the fire was incendiary in origin. There were also facts giving Simpson probable cause to focus suspicion on Clarke as the arsonist. In his investigative report and in an affidavit in support of the motion for summary judgment, Simpson related a number of incriminating statements which Clarke made concerning her past and present relationship with her husband and her hatred for their bed. Based on these facts, a reasonably competent officer could have believed that there was probable cause to justify the issuance of an arrest warrant.
 
 
 10
 The affidavits filed in opposition to the motion for summary judgment did not create a genuine issue of material fact as to whether Simpson's application for a warrant was objectively reasonable. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Clarke presented no facts to warrant the conclusion that Simpson's determination concerning the fire's cause was unreasonable. The fact that Clarke's husband disagreed with Simpson as to the cause of the fire is irrelevant, for an officer is protected provided his actions are reasonable. Clarke's mere protestations of innocence are also insufficient to establish that Simpson acted unreasonably. See Baker v. McCollan, 443 U.S. 137, 145 (1979). Further, plaintiff in her affidavit did not deny that she had been drinking when she spoke to Simpson or that she made the incriminating comments summarized in Simpson's investigative report and affidavit. The reasonableness of an officer's conduct must be judged in light of the information he possessed at the time the actions complained of took place. Anderson v. Creighton, 107 S.Ct. 3034, 3040. Given the facts available to Simpson at the time he sought the warrant, his belief that there was probable cause to arrest plaintiff for arson was objectively reasonable. The qualified immunity doctrine therefore protects Simpson from Clarke's claim of an unconstitutional arrest.
 
 
 11
 Clarke argues that the district court erred in granting summary judgment because there is a genuine issue of fact as to whether Simpson obtained a warrant prior to Clarke's arrest. There is no support in the record for such a contention. Simpson's affidavit states that the magistrate issued a warrant before Clarke's arrest. In her affidavit, Clarke does not deny that Simpson possessed a warrant at the time of arrest. Given these facts, Clarke cannot defeat summary judgment by relying on the allegation in her Complaint that she was subjected to a warrantless arrest. Fed.R.Civ.P. 56(e).
 
 
 12
 Accordingly, we find that the trial court properly granted Simpson summary judgment.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Sheriff Wayne Huggins was also named as a defendant, but was later voluntarily dismissed by plaintiff
 
 
 [2]
 Clarke does not appeal the district court's grant of summary judgment to the Fairfax County Board of Supervisors